Exhibit A

* 5 0 IRIS Y. MARTINEZ *
CIRCUIT CLERK
#40058
COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRICIO CORTES-RANGEL, | ) | 2021L010790 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L |
| | ) | $50,000 + |
| PENNEY OPCO, LLC d/b/a JCPENNEY | ) | JURY DEMANDED |
| SCHINDLER ELEVATOR | ) | |
| CORPORATION and TK ELEVATOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, BRICIO CORTES-RANGEL, by and through his attorneys of Weiss Ortiz, P.C., and for his Complaint at Law against Defendants, PENNEY OPCO, LLC d/b/a JCPENNEY, SCHINDLER ELEVATOR CORPORATION and TK ELEVATOR CORPORATION, states as follows:

### COMMON ALLEGATIONS

### THE PARTIES

1. At all times relevant, BRICIO CORTEZ-RANGEL ("BRICIO"), is an individual residing in Cook County, Illinois, and a citizen of the State of Illinois.

2. At all times relevant, Defendant, PENNEY OPCO, LLC, is a private company d/b/a JCPENNEY ("JCP") with its principal place of business located in Texas.

3. At all times relevant, JCP is a midscale retail shopping department store chain duly registered to conduct business in the State of Illinois, and owned or leased and operated,

maintained, possessed, and controlled the multi-level retail store open to the public located at 7507 West Cermak Road, North Riverside, Illinois 60546 in Cook County ("Premises").

4. At all times relevant, JCP owned, maintained, and controlled an escalator which was used for transporting business invitees and members of the public as passengers up and down floors within the Premises.

5. At all times relevant, SCHINDLER ELEVATOR CORPORATION ("SCHINDLER") is a Delaware Corporation that provides mobility solutions, such as escalators, for all types of buildings.

6. At all times relevant, SCHINDLER is duly registered to conduct business in the State of Illinois with offices located at 200 East Randolph Street, Suite 5400, Chicago, Illinois, 60601 and provides services in the state of Illinois.

7. On information and belief, SCHINDLER was under contract with JCP for the design, installation, inspection, servicing, maintenance and/or modernization for the escalator application located at the Premises.

8. At all times relevant, TK ELEVATOR CORPORATION f/n/a Thyssenkrupp Elevator Corporation ("TKE") is a Delaware Corporation that provides escalators for commercial application such as airports, shopping malls and department stores.

9. At all times relevant, TKE is duly registered to conduct business in the State of Illinois with offices located at 940 West Adams Street, Suite 404, Chicago, Illinois, 60607.

10. On information and belief, TKE was under contract with JCP for the design, installation, inspection, servicing, maintenance and/or modernization for the escalator application located at the Premises.

## JURISDICTION AND VENUE

11. Jurisdiction and venue are proper in the Circuit Court of Cook County, Illinois, pursuant to 735 ILCS 5/2-101, as Cook County is the county in which the transactions, allegations and/or where some or part thereof occurred out of which the cause of action arose.

## OCCURRENCE

12. That JCP invited the general public, including BRICIO, to enter the Premises for the purpose of retail shopping.

13. On November 8, 2019, BRICIO was lawfully on the Premises as a customer of JCP for the purpose of retail shopping.

14. That while on the Premises, at approximately 5:22 p.m., BRICIO was the sole customer riding the down escalator from the second floor to the first floor when he heard a loud noise beneath his feet and the escalator abruptly jolted, causing BRICIO to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs where he came to rest on the first floor causing him severe injuries.

15. Following the accident, BRICIO was taken by ambulance to MacNeal Hospital, in Berwyn, Illinois, where he was treated for his injuries and underwent surgery.

16. That at all times material herein, BRICIO was in the exercise of ordinary care and caution for his own safety and did exercise that degree of care and caution for his own safety commensurate with that of an individual of his like age, capacity, discretion, experience, intelligence, and ability.

## COUNT I – JCP
### Premises Liability

17. BRICIO repeats and realleges paragraphs 1- 16 of the Common Allegations as if once again fully set forth herein.

18. That JCP has a duty, by its duly authorized agents, servants and/or employees, to exercise reasonable care to make certain that the Premises, including the escalator component of the Premises, is in a reasonably safe condition for its business invitees, including BRICIO, who was lawfully on said Premises

19. That JCP, by its duly authorized agents, servants and/or employees, knew or in the exercise of reasonable care should have known, that the escalator located at the Premises is unsafe, dangerous and hazardous, specifically, that a defective condition causing the escalator to stop abruptly creates the risk of causing a passenger to fall down the elevator stairs, and said escalator requires regular inspection and maintenance, and JCP therefore owed a duty to business invitees coming on the Premises, including BRICIO, to regularly inspect, repair, maintain and operate the escalator in a safe condition so as to prevent injury to such persons, including BRICIO.

20. That JCP, by its duly authorized agents, servants and/or employees, breached its duty to Plaintiff by one or more than one of the following negligent acts or omissions:

    a. by failing to inspect, repair, maintain and/or operate the escalator in a safe condition;
    b. carelessly and negligently failing to properly and/or adequately supervise, oversee
    c. and inspect the escalator from being operated in an unsafe condition;
    d. carelessly and negligently failing to inspect the escalator on a regular basis so as to prevent an unsafe condition that would cause the escalator to abruptly stop;
    e. carelessly and negligently allowing BRICIO to access and use the escalator when it knew, or in the exercise of ordinary care and caution should have known that it was dangerous and unsafe to do so; and
    f. carelessly and negligently failing to warn BRICIO of the unsafe and hazardous condition of the escalator.

21. That JPC had actual knowledge of the fact that the escalator was unsafe and subject to abrupt stops, or, if JPC lacked the actual knowledge, in the exercise of due care, it could and should have had such knowledge.

22. That as a direct and proximate result of one or more than one of JPC'S negligent acts and/or omissions, BRICIO suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause him pain in body and mind, including but not limited to pain and suffering, injury to back, neck, shoulders, daily headaches and emotional suffering.

23. As a direct and proximate result of one or more of RPC'S negligent acts and/or omissions, BRICIO sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling his daily activities and he has and will continue to have impairment and limited range of motion that will prevent him from functioning at full capacity.

24. Attached to this Complaint as Exhibit A is the attorney Affidavit pursuant to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, BRICIO CORTES-RANGEL, prays judgment be entered in his favor and against Defendant, PENNEY OPCO, LLC d/b/a JCPENNEY, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) for compensatory and pecuniary damages according to proof and for such other and further relief as this Court deems just and proper.

## COUNT II – Schindler

### Negligence

25. BRICIO repeats and realleges paragraphs 1- 24 of the Common Allegations as if once again fully set forth herein.

26. That SCHINDLER had a duty, by its duly authorized agents, servants and/or employees, to exercise reasonable care in the adequate installation, inspection, repair,

maintenance, and operation of the escalator on the Premises for the benefit of individuals lawfully on the Premises as invitees, including BRICIO, so as to prevent injury to such persons.

27. That SCHINDLER, by its duly authorized agents, servants and/or employees, breached its duty to Plaintiff by failing to adequately install, inspect, repair, maintain and/or operate the escalator in a safe condition.

28. That SCHINDLER had actual knowledge of the fact that the escalator was unsafe and subject to abrupt stops, or, if SCHINDLER lacked the actual knowledge, in the exercise of due care, it could and should have had such knowledge.

29. That as a direct and proximate result of one or more than one of SCHINDLER'S negligent acts and/or omissions, BRICIO suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause him pain in body and mind, including but not limited to pain and suffering, injury to back, neck, shoulders, daily headaches and emotional suffering;

30. As a direct and proximate result of one or more of SCHINDLER'S negligent acts and/or omissions, BRICIO sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling his daily activities and he has and will continue to have impairment and limited range of motion that will prevent him from functioning at full capacity.

31. Attached to this Complaint as Exhibit A is the attorney Affidavit pursuant to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, BRICIO CORTES-RANGEL, prays judgment be entered in his favor and against Defendant, SCHINDLER ELEVATOR CORPORATION, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) for compensatory and pecuniary damages according to proof and for such other and further relief as this Court deems just and proper.

### COUNT III– TKE

### Negligence

32. BRICIO repeats and realleges paragraphs 1-31 of the Common Allegations as if once again fully set forth herein.

33. That TKE had a duty, by its duly authorized agents, servants and/or employees, to exercise reasonable care in the adequate installation, inspection, repair, maintenance, and operation of the escalator on the Premises for the benefit of individuals lawfully on the Premises as invitees, including BRICIO, so as to prevent injury to such persons.

34. That TKE, by its duly authorized agents, servants and/or employees, breached its duty to Plaintiff by failing to adequately install, inspect, repair, maintain and/or operate the escalator in a safe condition.

35. That TKE had actual knowledge of the fact that the escalator was unsafe and subject to abrupt stops, or, if TKE lacked the actual knowledge, in the exercise of due care, it could and should have had such knowledge.

36. That as a direct and proximate result of one or more than one of TKE'S negligent acts and/or omissions, BRICIO suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause him pain in body and

mind, including but not limited to pain and suffering, injury to back, neck, shoulders, daily headaches and emotional suffering.

37. As a direct and proximate result of one or more of TKE'S negligent acts and/or omissions, BRICIO sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling his daily activities and he has and will continue to have impairment and limited range of motion that will prevent him from functioning at full capacity.

38. Attached to this Complaint as Exhibit A is the attorney Affidavit pursuant to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, BRICIO CORTES-RANGEL, prays judgment be entered in his favor and against Defendant, TK ELEVATOR CORPORATION, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) for compensatory and pecuniary damages according to proof and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____
ADEENA WEISS ORTIZ
One of the Attorneys for Plaintiff

Weiss Ortiz P.C.
1011 E. 31st Street
LaGrange Park, IL 60526
708-937-9223
info@weissortizlaw.com
#40058