FILED DATE: 3/10/2022 4:34 PM 2021L010790

FILED
3/10/2022 4:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L010790
17040233
#40058

# Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| BRICIO CORTES-RANGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2021 L 010790 |
| | ) $50,000 + |
| SCHINDLER ELEVATOR CORPORATION, | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, BRICIO CORTES-RANGEL, by and through his attorneys of Weiss Ortiz, P.C., and for his Amended Complaint at Law against Defendant, SCHINDLER ELEVATOR CORPORATION, states as follows:

## COMMON ALLEGATIONS

## THE PARTIES

1. At all times relevant, Plaintiff, BRICIO CORTEZ-RANGEL ("BRICIO"), is an individual residing in Cook County, Illinois, and a citizen of the State of Illinois.

2. At all times relevant, Defendant, SCHINDLER ELEVATOR CORPORATION ("SCHINDLER"), is a Delaware Corporation that provides mobility solutions, such as escalators, for all types of buildings.

3. At all times relevant, SCHINDLER is duly registered to conduct business in the State of Illinois with offices located at 200 East Randolph Street, Suite 5400, Chicago, Illinois 60601, and provides services in the state of Illinois.

4. At all times relevant, Penney Opco, LLC, is a private company d/b/a JCPenney ("JCP") with its principal place of business located in Texas.

5. At all times relevant, JCP is a midscale retail shopping department store chain duly registered to conduct business in the State of Illinois, and owned or leased, operated and possessed the multi-level retail store open to the public located at 7507 West Cermak Road, North Riverside, Illinois 60546 in Cook County ("Premises").

6. At all times relevant, SCHINDLER is under exclusive contract with JCP for the installation, inspection, servicing, maintenance, management and/or modernization for the escalator application located at the Premises used for transporting business invitees and members of the public as passengers up and down floors within the Premises and SCHINDLER controlled said escalator.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in the Circuit Court of Cook County, Illinois, pursuant to 735 ILCS 5/2-101, as Cook County is the county in which the transactions, allegations and/or where some or part thereof occurred out of which the cause of action arose.

## OCCURRENCE

8. That JCP invited the general public, including BRICIO, to enter the Premises for the purpose of retail shopping.

9. On November 8, 2019, BRICIO was lawfully on the Premises as a customer of JCP for the purpose of retail shopping.

10. That while on the Premises, at approximately 5:22 p.m., BRICIO was the sole customer riding the down escalator from the second floor to the first floor when he heard a loud noise beneath his feet and the escalator abruptly jolted, causing BRICIO to fall backwards on his

FILED DATE: 3/10/2022 4:34 PM  2021L010790

head, back and neck onto the escalator stairs and knocking him heavily down the escalator stairs where he came to rest on the first floor causing him severe injuries.

11. Following the accident, BRICIO was taken by ambulance to MacNeal Hospital, in Berwyn, Illinois, where he was treated for his injuries and underwent surgery.

## COUNT I – Negligence

12. BRICIO repeats and realleges paragraphs 1- 11 of the Common Allegations as if once again fully set forth herein as and for paragraph 12 of Plaintiff's Count I.

13. That at all times relevant, BRICIO was in the exercise of ordinary care and caution for his own safety and did exercise that degree of care and caution for his own safety commensurate with that of an individual of his like age, capacity, discretion, experience, intelligence, and ability.

14. That SCHINDLER had a duty, by its duly authorized agents, servants and/or employees, to exercise reasonable care in the adequate installation, inspection, servicing, repair, maintenance, management and operation of the escalator on the Premises for the benefit of individuals lawfully on the Premises as invitees, including BRICIO, so as to prevent injury to such persons.

15. That SCHINDLER, by its duly authorized agents, servants and/or employees, breached its duty to BRICIO by one or more than one of the following careless and negligent acts or omissions:

   a. failing to adequately install, inspect, repair, maintain, service, manage and/or operate the escalator in a safe condition;
   b. failing to properly and/or adequately supervise, oversee and inspect the escalator from being operated in an unsafe condition;
   c. failing to inspect the escalator on a regular basis so as to prevent an unsafe condition that would cause the escalator to abruptly stop;
   d. allowing BRICIO to access and use the escalator when it knew, or in the exercise of ordinary care and caution should have known that it was dangerous and unsafe to do so;

FILED DATE: 3/10/2022 4:34 PM   2021L010790

      e.      failing to warn BRICIO of the unsafe and hazardous condition of the escalator; and

      f.      other acts and omissions.

16. That SCHINDLER, by its duly authorized agents, servants and/or employees, had actual knowledge of the fact that the escalator was unsafe and subject to abrupt stops, or, if SCHINDLER lacked the actual knowledge, in the exercise of due care, it could and should have had such knowledge.

17. That as a direct and proximate result of one or more than one of SCHINDLER'S negligent acts and/or omissions, by its duly authorized agents, servants and/or employees, BRICIO suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause him pain in body and mind, including but not limited to pain and suffering, injury to back, neck, shoulders, daily headaches and emotional suffering.

18. As a direct and proximate result of one or more of SCHINDLER'S negligent acts and/or omissions, by its duly authorized agents, servants and/or employees, BRICIO sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling his daily activities and he has and will continue to have impairment and limited range of motion that will prevent him from functioning at full capacity.

WHEREFORE, Plaintiff, BRICIO CORTES-RANGEL, prays judgment be entered in his favor and against Defendant, SCHINDLER ELEVATOR CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000) for pain and suffering, compensatory, pecuniary and other damages according to proof and for such other and further relief as this Court deems just and proper.

FILED DATE: 3/10/2022 4:34 PM    2021L010790

FILED DATE: 3/10/2022 4:34 PM  2021L010790

## COUNT II – *Res Ipsa Loquitur*

19. BRICIO adopts and incorporates paragraphs 1- 11 of the Common Allegations as if fully set forth herein as and for paragraph 19 of Count II of Plaintiff's Complaint.

20. SCHINDLER, by its duly authorized agents, servants and/or employees, had exclusive control of the escalator immediately before and at the time that the escalator abruptly jolted, causing BRICIO to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs.

21. BRICIO took no action while on the escalator, that in the ordinary course of events, would result in causing him to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs.

22. Other than the abrupt jolt of the escalator caused by SCHINDLER, by its duly authorized agents, servants and/or employees, BRICIO suffered no other trauma or action, that, in the ordinary course of events would result in causing him to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs.

23. The aforementioned occurrence, in which the escalator abruptly jolted, causing BRICIO to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs, is of such a nature that it would not ordinarily have happened absent negligence.

24. The accident would not have occurred if SCHINDLER, by its duly authorized agents, servants and/or employees, had exercised ordinary care in the adequate installation, inspection, servicing, repair, maintenance, management and operation of the escalator on the Premises for the benefit of individuals lawfully on the Premises as invitees, including BRICIO, so as to prevent injury to such persons.

25. Consequently, it is presumed and inferred that SCHINDLER, by its duly authorized agents, servants and/or employees, was negligent in the adequate installation, inspection, servicing, repair, maintenance, management and operation of the escalator.

26. As a direct and proximate result of SCHINDLER'S negligence described above, BRICIO was caused to fall backwards on his back and neck onto the escalator stairs and knocking him heavily down the escalator stairs where he came to rest on the first floor causing him severe injuries.

27. As a direct and proximate result of SCHINDLER'S negligence described above, BRICIO sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling his daily activities and he has and will continue to have impairment and limited range of motion that will prevent him from functioning at full capacity.

WHEREFORE, Plaintiff, BRICIO CORTES-RANGEL, prays judgment be entered in his favor and against Defendant, SCHINDLER ELEVATOR CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000) for pain and suffering, compensatory, pecuniary and other damages according to proof and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____
ADEENA WEISS ORTIZ
One of the Attorneys for Plaintiff

FILED DATE: 3/10/2022 4:34 PM 2021L010790

Weiss Ortiz P.C.
1011 E. 31st Street
LaGrange Park, IL 60526
708-937-9223
info@weissortizlaw.com
#40058